# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America<br>v.<br><br>Jamere Parrott<br><br>Date of Original Judgment: July 20, 2018<br>Date of Previous Amended Judgment: N/A<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 3:17-CR-00007-001 (CAR)<br><br>USM No: 00213-120<br><br>Page Pate<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☐ the Defendant ☐ the Director of the Bureau of Prisons ☒ the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED. ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of ____100____ months **is reduced to** ____Time Served____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

Parrott was originally sentenced on July 11, 2018, to a term of 100 months imprisonment, to run consecutively to any sentences imposed in Athens-Clarke County Superior Court Case SU-09-CR-1115 and Walton County Superior Court Case 13-CR-0424-05, for violation of probation. His imprisonment is to be followed by a 36-month term of supervised release. He is required to pay $100 for his mandatory assessment. At sentencing, the Court determined Parrott's Total Offense Level was 27 and his Criminal History was IV, which yielded an advisory guideline sentencing range of 100 to 120 months. Parrott's criminal history subtotal was six (6). As he was under a criminal justice sentence at the time he committed the instant offense, two (2) points were added yielding a total score of eight (8). This resulted in a Criminal History Category of IV. Based on Amendment 821, Part A of the *United States Sentencing Guidelines*, defendants with fewer than seven (7) criminal history points do not receive any additional points. Therefore, Parrott would not receive any additional points for being under a criminal justice sentence under the amended guidelines. Consequently, his total criminal history score would be six (6), his Criminal History Category would be III, and his guideline sentencing range would be 87 to 108 months.

The government agrees that Parrott is eligible for relief and recommends a sentence at the bottom of the new range. However, Parrott is scheduled to release from custody on April 27, 2025. Therefore, a sentence at the bottom of the new range will result in a sentence of Time Served, effective February 1, 2024.

Except as otherwise provided, all provisions of the judgment dated ____July 20, 2018____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: 16 Jan. 2024

*Judge's signature*

Effective Date: February 1, 2024
*(if different from order date)*

C. Ashley Royal, Senior U.S. District Judge
*Printed name and title*